(Hamilton County Probate Court.)

### VILLAGE OF HYDE PARK v. NATHAN GRANT ET AL.

A municipal corporation that appropriates property under an act afterward declared to be unconstitutional, and which is thereby prevented from taking the property, can not be compelled to pay the fee of counsel for the defendant property owner.

---

FERRIS, J.

This matter comes on for disposition on a motion to retax costs, as well as one directed to the attention of the court asking for the setting aside of an entry heretofore made dismissing the action, for reasons set forth in the entry.

The facts appear to be as follows:

The village of Hyde Park, a corporation municipal, through its proper officers, determined upon the necessity of appropriating certain property for the contruction of a street, and such proceedings were had as that an ordinance was duly passed declaring the necessity of the appropriation, as well as providing, among other things, for the manner of assessment. The case proceeded to trial on the issues made up, and thereupon a verdict was rendered by the jury impanneled for that purpose, awarding certain damages for the land taken, as well as for damages to the residue; and while such verdict stood unsatisfied and unreserved, a court of last resort pronounced the law under which the appropriation was had — particularly that portion of it that related to the assessment of the costs back against the property owner, to be determined by a valuation per front foot—uncon-stitutional, invalid and of no effect.

The motion now seeks under section 6244 to have this court retax the costs so as to include a proper counsel fee to be paid the attorney representing the property owners.

The section referred to provides, among other things, that where the appropriators fail or neglect, for a period of six months after the rendition of the verdict, to pay the same to the parties entitled thereto, the court shall be authorized, in determining the amount of costs, to include therein reasonable counsel fees to parties representing the property owners.

An examination of this statute makes it plain that it is the intention of the law to place the parties who have been drawn into litigation by corporations either municipal or otherwise, having in law the right to condemn private property for public purposes, in the same status that they were prior to the bringing of the action; in other words, to repay to them whatever costs or expenses have been incident to the litigation. They having been drawn into the same unavoidably and for the sole purpose of benefiting the public, are to be made whole, and the appropriating body, having failed or neglected to pay the verdict, must, under this act, pay all of the expenses of the litigation, including counsel fees.

But the court finds that the trend of decisions is very clear that the intent of this act is to proceed along the lines that are based upon a constitutional law. The law in the case at bar has been by a court of last resort determined to be unconstitutional. The appropriating power has been destroyed. The right to take the property does not exist; the law itself was invalid. It is not to be presumed that the parties did not intend to avail themselves of the right to take the property at the price fixed by the jury. The presumptions are quite otherwise. Having instituted the proceedings in good faith, and having prosecuted the action to a finish, it is reasonable and proper to conclude that they intended to pay for the necessary consequences of their act,

namely, the amount of the verdict.

It is a travesty upon the law to charge a penalty against a party who is not in a position where he can do that which the law charges him with the responsibility of doing. No title could be made to the property in question, because the supreme court in the case of Baker v. the Village of Norwood has determined that the method prescribed in this ordinance vitiates the entire proceeding, and therefore it would be manifestly contrary to this statute to so retax the costs as to compel the village of Hyde Park to pay counsel fees in a case where they could receive no title for the property in question.

The court is therefore of the opinion that the motion to retax costs should be overruled, and having heretofore passed upon the question as to the dismissal, following the same line laid down by this court in the case of the city of Cincinnati v. Thrall et al. the court refuses to set aside the entry dismissing the proceeding.

F. H. Kinney; Burch & Johnson, John M. Welsh.